E.J. AUTO SALES
Peticionario

v.

NELSON ESTEVES TUBENS
Recurrido

Núm. KLCE-95-00044

San Juan, Puerto Rico, a 18 de mayo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Rodríguez de Oronoz y Segarra Olivero

Rodríguez de Oronoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El recurso que nos ocupa interesa la revisión de una sentencia del Tribunal Superior, Sala de Bayamón, mediante la cual se desestimó un recurso de revisión instado ante dicho tribunal para revisar una resolución emitida por el Departamento de Asuntos del Consumidor.

En la sentencia recurrida el tribunal expone que aunque la parte recurrente presentó la solicitud de revisión dentro del término jurisdiccional dispuesto por ley, no obstante, no dio cumplimiento al requisito de notificación al tribunal dispuesto en la Regla 7(b) de las Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior.

### I

La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A., sec. 2101 y ss., establece el procedimiento que deberá seguirse para la revisión judicial de las órdenes, resoluciones y providencias dictadas por agencias o funcionarios administrativos.

En cuanto a los términos para presentar la solicitud de revisión ante el foro judicial con competencia se dispone lo siguiente:

*"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal Superior con competencia dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo."* Sec. 4.2, Ley Núm. 170, *supra* (3 L.P.R.A., sec. 2172).

En las reglas adoptadas por el Tribunal Supremo para reglamentar los procesos de revisión de actuaciones administrativas, se complementa la anterior normativa con la siguiente regla:

*"(a) La solicitud [de revisión] deberá ser presentada por el recurrente y recibida por el Tribunal Superior antes de su notificación a las demás partes. La secretaría del tribunal procederá a asignarle número de presentación al recurso, conforme lo dispuesto en la Regla 66.1 de Procedimiento Civil, Ap. III del Título 32, e informará inmediatamente dicho número al presentante. El presentante anotará, entonces, dicho número en las copias del recurso que han de ser notificadas a las partes y a la agencia o agencias que hayan intervenido en el proceso.*

*(b) El recurrente notificará, personalmente o por correo certificado con acuse de recibo las copias así numeradas, dentro del plazo requerido por la sec. 2172 del Título 3. Una vez hecho ésto, el recurrente le certificará al tribunal, no más tarde del siguiente día laborable, el haber hecho la notificación indicando el nombre y dirección de las personas notificadas, y la fecha y la forma en que las notificaciones fueron hechas."* Regla 7, Reglas para el Procedimiento de Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A., Ap. VIII-A.

De conformidad con las anteriores disposiciones el Tribunal Supremo ha decidido que la parte que insta un recurso de revisión judicial de una decisión administrativa tiene que notificar la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término de treinta (30) días para solicitar la revisión; y que se trata de un término jurisdiccional, cuyo incumplimiento priva de jurisdicción al tribunal para entender en los méritos del recurso. *Méndez Cabrera v. Corporación Urbanizadora Quintas de San Luis*, _ ___ D.P.R. ___ (1991), **91 J.T.S. 1.**

## II

En el caso de autos, el término de treinta (30) días que dispone la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme para la presentación de la solicitud de revisión ante el Tribunal Superior y su notificación a todas las partes vencía el 30 de septiembre de 1994.

El recurrente presentó el recurso de revisión ante el Tribunal Superior el 13 de septiembre de 1994, diecisiete (17) días antes de vencerse el plazo fatal.

Según consta de los documentos del Servicio Postal de los Estados Unidos de América que acreditan la fecha de la notificación por correo certificado, el recurrente notificó la presentación de la solicitud de revisión a la agencia y a las partes el 14 de septiembre de 1995.

La certificación de notificación al tribunal que requiere la Regla 7(b), *supra*, se efectuó el 23 de septiembre de 1994, según surge del sello de presentación del tribunal.

El tribunal de instancia entendió que, habiendo el recurrente notificado el recurso a las partes el 14 de septiembre de 1994, debió certificar dicha notificación al tribunal el siguiente día laborable, es decir, el 15 de septiembre de 1995. Determinó que la certificación efectuada el 23 de septiembre de 1994 incumplía con la referida Regla 7(b) y que, en consecuencia, procedía la desestimación del recurso de revisión presentado.

## III

Procede que revoquemos tal dictamen. Lo determinante para establecer la jurisdicción del tribunal es que la presentación del escrito de revisión y la notificación de su presentación a la agencia y a todas las partes se haga *"dentro del término para solicitar dicha revisión"*. Sec. 4.2, Ley Núm. 170, *supra; Méndez Cabrera, supra*. No hay controversia en que el recurrente cumplió con ello.

Por otro lado, el requisito de la Regla 7(b) de certificar al tribunal, *"no más tarde del día siguiente laborable... el nombre y dirección de las personas notificadas, y la fecha y la forma en que las notificaciones fueron hechas"*, es un requisito reglamentario que forzosamente tiene como marco de referencia el plazo de treinta (30) días de la Sec. 4.2 de la Ley Núm. 170.

Así pues, el plazo de la certificación al tribunal de la Regla 7(b) no puede ser menor que los treinta (30) días que estableció la Asamblea Legislativa para la presentación del recurso y su notificación a las partes. Concluir lo contrario nos colocaría por encima de la letra de la ley.

En el caso de autos, el recurrente tenía hasta el 30 de septiembre de 1994 para notificar la presentación del recurso a las partes. No tenía un término menor o reducido para la certificación al tribunal. Por lo tanto, la certificación de 23 de septiembre de 1994 cumplió con el requisito de la Regla 7(b), *supra*.

**IV**

Por los fundamentos antes expuestos se expide el auto de *certiorari* solicitado y se dicta sentencia revocando aquella de instancia que desestimó el recurso de revisión. El tribunal de instancia deberá asumir jurisdicción y continuar con los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General